FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 08, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARRYL WILLIAM YOUNG,<br><br>Defendant. | No. 1:16-CR-2058-SMJ-1<br><br>**ORDER DENYING WITHDRAWAL OF GUILTY PLEA** |

Before the Court, without oral argument, is Defendant Darryl William Young's Motion to Withdraw Plea of Guilty, ECF No. 104. Having reviewed the motion and the file in this matter, the Court is fully informed and denies the motion.

On October 11, 2017, this Court held a change of plea hearing where Defendant pleaded guilty to Counts 1, 2, 3, 4, and 5 of the Superseding Information. ECF No. 61. On February 14, 2018, the Court sentenced Defendant to 180 months' imprisonment for each Count, to be served concurrently for a total term of 180 months. ECF No. 81. The Court entered a final judgment on February 15, 2018. ECF No. 82.

Thereafter, on February 20, 2018, Defendant filed a Notice of Appeal. ECF No. 86. On February 23, 2018, Defendant filed a Motion for Leniency, a Motion to

ORDER DENYING WITHDRAWAL OF GUILTY PLEA **- 1**

Arrest Judgment, a Motion to Appoint Counsel, and a Motion requesting Sentencing Transcript. ECF Nos. 91, 92, 93, and 94. In its February 28, 2018 Order, this Court denied all the motions for lack of jurisdiction because a direct appeal was pending. ECF No. 96.

On July 17, 2018, Defendant filed this present motion to withdraw his guilty plea. ECF No. 104. He cites Federal Rule of Appellate Procedure 12.1 to assert that this Court has jurisdiction to reach the merits. *Id.* at 2. Under Rule 12.1, if a timely motion is filed that this Court "would grant" or that "raises a substantial issue," but the Court lacks jurisdiction due to a pending appeal, the movant may notify the circuit clerk such that the court of appeals may remand for further proceedings.

Defendant is correct that *pro se* motions are to be liberally construed. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001). However, Rule 12.1 cannot be construed as providing a *district court* jurisdiction to grant the motion. Instead, it simply explains that a district court may assert jurisdiction if the case is remanded for the purpose of granting the motion.

Moreover, the Court would not grant the motion, because Federal Rule of Criminal Procedure 11(e) plainly forecloses Defendant's argument. Under Federal Rule of Criminal Procedure 11(e), once the Court has imposed a sentence, "the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack." Because this Court has

already imposed a sentence, Defendant may seek to set aside his plea only through direct appeal or collateral attack.

Accordingly, the Court denies Defendant's Motion to Withdraw Plea of Guilty, ECF No. 104.

**IT IS HEREBY ORDERED**:

Defendant's Motion to Withdraw Plea of Guilty, **ECF No. 104**, is **DENIED**.

**IT IS SO ORDERED**. The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 8th day of August 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge