FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 13, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARRYL WILLIAM YOUNG,<br><br>Defendant. | No.   1:16-cr-02058-SMJ-1<br><br>**ORDER MEMORIALIZING COURT'S ORAL RULING DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |

On August 11, 2020, the Court heard oral argument on Defendant's Motion for Reduction of Sentence and Compassionate Release Pursuant to 18 U.S.C § 3582(c)(1)(A), ECF No. 135.[1] At the conclusion of the hearing, the Court ruled orally, denying Defendant's motion for early termination of his sentence of incarceration. This Order memorializes and supplements the Court's oral ruling.

## BACKGROUND

Defendant was sentenced to a term of 180 months in prison after he pled guilty to two counts of bank robbery and three counts of bank robbery using a

---

[1] Also before the Court is Defendant's motion to seal portions of his medical records relevant to his motion for compassionate release, ECF No. 138. Having reviewed the contents of the proposed sealed documents, the Court finds good cause to maintain the secrecy of the records. *See In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012).

1   dangerous weapon. ECF No. 82 at 1–2. Defendant, reportedly motivated by
2   financial strain and on the verge of homelessness, robbed a total of five banks in the
3   Eastern and Western Districts of Washington, carrying an airsoft gun in three of the
4   robberies. ECF No. 72 at 8. Defendant is scheduled to be released in April 2029,
5   after which he will begin a five-year term of supervised release. ECF No. 82 at 3;
6   ECF No. 135 at 7.

7       Defendant seeks immediate release to home confinement in light of the
8   ongoing global pandemic of coronavirus disease 2019 (COVID-19). ECF No. 135.
9   Defendant, who is sixty-nine years old, has been diagnosed with hypertension and
10  hepatitis C, as well as unspecified cardiac irregularities resulting in minor strokes.
11  *See id.* at 21; ECF No. 137-1 at 5; ECF No. 139-1 at 14–15, 97–105. Defendant
12  argues these characteristics put him at elevated risk of complications should he
13  contract COVID-19, and thus extraordinary and compelling circumstances warrant
14  immediate release. ECF No. 135 at 5. Sheridan FCI, where Defendant is
15  incarcerated, reports that two inmates (and no staff) have tested positive for
16  COVID-19. *See* Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/
17  coronavirus (last accessed August 12, 2020). Defendant represents that if released,
18  he would reside with his wife and daughter in Redmond, Washington, and would
19  take part in mental health and addiction counseling, both of which he has
20  participated in while incarcerated. ECF No. 135 at 28.

ORDER MEMORIALIZING COURT'S ORAL RULING DENYING
DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE – 2

The Government opposes compassionate release, arguing Defendant has not established sufficiently extraordinary and compelling reasons for such relief. ECF No. 142 at 5. Specifically, the Government argues Defendant's lengthy criminal history reflects a continuing danger to the community, and thus, notwithstanding Defendant's poor health, early release is not in the interests of justice. *Id.* at 5–6.

## LEGAL STANDARD

Defendant seeks early release pursuant to 18 U.S.C. § 3582(c), which permits a sentence reduction if, after considering the sentencing factors set out in 18 U.S.C. § 3553(a), the Court finds "extraordinary and compelling reasons"[2] justifying a reduction. 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. §1B1.13 cmt. n.1(D). Such relief is available only "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative

---

[2] The sentencing guideline applicable to motions such as Defendant's has not been amended since passage of the First Step Act of 2018, prior to which only the Bureau of Prisons could move for compassionate release on a defendant's behalf. The guideline thus provides that only the Bureau of Prisons may designate an extraordinary and compelling reason warranting early release. *See* U.S.S.G. § 1B1.13 cmt. n.1(D). Although there is some division among the district courts, most conclude the First Step Act was intended to vest the district courts with independent discretion to identify extraordinary and compelling reasons. *See, e.g.*, *United States v. Beck*, 425 F. Supp. 3d 573, 579–80 (M.D.N.C. 2019); *United States v. Magana*, Case No. 2:16-cr-0183-TOR, ECF No. 32 at 4–5 (E.D. Wash. July 7, 2020); *but see United States v. Lynn*, No. CR 89-0072-WS, 2019 WL 3805349, at *3 (S.D. Ala. Aug. 13, 2019) (holding only Bureau of Prisons permitted to identify extraordinary and compelling reasons). This Court finds the majority approach most persuasive and thus proceeds to independently evaluate whether Defendant has established extraordinary and compelling circumstances warranting early release.

ORDER MEMORIALIZING COURT'S ORAL RULING DENYING
DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE – 3

rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* § 3582(c)(1)(A); U.S.S.G. § 1B1.13.

## DISCUSSION

**A.    Defendant has satisfied the exhaustion requirement**

Defendant has satisfied the requirement of administrative exhaustion because he sought compassionate release from the Warden of Sheridan FCI on May 1, 2020 and has not received a response to his request. *See* ECF No. 137 at 9–10; ECF No. 135 at 7. The Government does not dispute that Defendant has satisfied the exhaustion requirement. *See* ECF No. 142. As such, Defendant is eligible for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

**B.    Defendant has not demonstrated early release is appropriate**

Turning to the merits of Defendant's request, the Court finds he has not established "extraordinary and compelling reasons" warranting such a significant reduction in his sentence, particularly in view of his long criminal history and the lack of assurances that the community would be safe if Defendant were released prior to the scheduled completion of his sentence. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

   **1.    The pandemic represents a serious risk to Defendant**

Defendant's personal characteristics make him a compelling candidate for

compassionate release during the pandemic. Most notably, the mortality rate from COVID-19 for those with hypertension is 8.4%, far greater than for the average population. *See* Report of WHO-China Joint Mission on Coronavirus Disease 2019 (COVID-19), World Health Organization (Feb. 28, 2020), at 12, https://www.who.int/docs/default-source/coronaviruse/who-china-joint-mission-on-covid-19-final-report.pdf (last accessed August 4, 2020). Coupled with Defendant's age, hepatitis, and cardiac irregularities, the risk of complications if he contracts COVID-19 is high. *See* ECF No. 135 at 4.

According to the Bureau of Prisons, only two inmates at Sheridan FCI have tested positive for COVID-19. *See* Bureau of Prisons, COVID-19 Cases https://www.bop.gov/coronavirus (last accessed August 12, 2020). This number is, as Defendant concedes, "modest." ECF No. 135 at 14. Even so, the virus now has a presence in FCI Sheridan, and Defendant represents prison staff are not taking sufficient precautions to arrest its spread. *See* ECF No. 144. He represents prison staff are only subject to temperature checks before entering the facility, which would not detect an asymptomatic or pre-symptomatic individual who is nevertheless contagious. *Id.* at 1–2. In short, the Court credits Defendant's assertion that the virus represents a significant threat to his health.

//

//

ORDER MEMORIALIZING COURT'S ORAL RULING DENYING
DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE – 5

### 2. The statutory sentencing criteria weigh against early release

To determine whether that threat is sufficient to warrant Defendant's immediate release, the Court must also evaluate the § 3553(a) factors. U.S.S.G. § 1B1.13.

#### i. Nature and Circumstances of the Offense

The nature and circumstances of Defendant's crimes were undoubtedly serious—he robbed five banks over the course of approximately a month, brandishing what appeared to his victims to be a handgun in at least three of the robberies. ECF No. 72 at 5–7. Though Defendant only netted approximately $14,000 from his spree, and claims he was motivated by the necessity of impending homelessness, these explanations do little to minimize the danger of Defendant's actions and the lasting harm they caused.

#### ii. Defendant's History and Characteristics

The five bank robberies for which Defendant is presently incarcerated are, unfortunately, of a piece with his lengthy criminal record. *See* ECF No. 73 at 15–21. Defendant's criminal history began in 1969 with a conviction for grand larceny and continued—largely interrupted only by periods in prison—for the next thirty years until he was convicted of bank robbery by force or violence in the Western District of Washington and sentenced to 100 months' imprisonment. *Id.* Review of the intervening convictions reveals a distinct pattern: crimes of dishonesty with the

objective of financial gain including forgery, credit card theft, first degree robbery, theft of a vehicle, and possession of stolen property. *Id.* Defendant was released from prison from the bank robbery conviction in June 2006, but violated the terms of his supervised release on several occasions (primarily by consuming drugs) and was finally released on February 5, 2015—less than eighteen months before the first bank robbery in this case. *Id.* at 6, 22. And in contrast to some, Defendant's criminal tendencies are relatively anomalous considering his upbringing in a relatively stable and caring military family. *Id.* at 25–27.

### iii. The goals of sentencing weigh against early release

Against this backdrop, the Court is tasked with evaluating whether a nearly 70% reduction in Defendant's sentence is consistent with the statutory objectives of sentencing. *See* 18 U.S.C. § 3553(a)(2). If Defendant were released immediately after the hearing, he would have served only four years in custody—less than one year for each of the robberies—which the Court cannot find reflects the seriousness of his crimes, constitutes just punishment, or promotes respect for the law. *See id.*; ECF No. 72 at 1.

For the same reason, the Court is unable to conclude such a lenient sentence would adequately deter Defendant from future crime, particularly in light of his lengthy and consistent criminal history. Regrettably, as the Government points out, in some respects "the most extraordinary thing about this case is not Defendant's

ORDER MEMORIALIZING COURT'S ORAL RULING DENYING
DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE – 7

health conditions, but his unwillingness to stop committing violent crime no matter how old he gets or how long he has been in prison." ECF No. 142 at 5. Defendant contends he is no longer a danger to the community, both by virtue of his efforts at rehabilitation in prison and his deteriorated health. ECF No. 135 at 28–29. But with respect to the latter argument, the Court notes each of Defendant's health conditions was present at the time of the underlying robberies, and at that time he was only four years younger. *See* ECF No. 73 at 27. As such, Defendant's age and poor health do little to assure the Court he would not be a continuing danger to the community if released.

## CONCLUSION

Ultimately, the Court finds Defendant's early release is not in the interests of justice. COVID-19 undoubtedly represents a serious risk to Defendant. But that risk must be balanced against the reason Defendant is incarcerated in the first place: his lengthy—and in some respects accelerating—criminal history. Notwithstanding Defendant's attempts to explain the motivation behind the robberies for which he is incarcerated, his criminal record suggests he has never learned to live within the confines of the law. Nothing before the Court indicates that has changed in the last four years Defendant has spent in prison. The motion is denied.

//

//

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Defendant's Motion for Reduction of Sentence and Compassionate Release Pursuant to 18 U.S.C § 3582(c)(1)(A), **ECF No. 135**, is **DENIED**.

**2.** Defendant's Motion to Seal Exhibits B and C, **ECF No. 138**, is **GRANTED**.

**A.** The Clerk's Office is directed to **FILE** the relevant documents, which appear at **ECF No. 139**, under seal.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 13th day of August 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge